**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

JENNIFER ANDERSON, as personal
representative of the estate of
MAGGIE GOURLEY, deceased, for
the benefit of her survivors and estate,

      Plaintiff,

v.                         CASE NO.  5:18cv115-RH-MJF

KEVIN CREWS, in his official
capacity as Sheriff of Washington
County, Florida, et al.,

      Defendants.

_____/


**ORDER GRANTING SUMMARY JUDGMENT IN PART**
**AND REMANDING THE REMAINING CLAIMS**


      This case arises from the decision of four deputy sheriffs not to enter a home

without a warrant to prevent a suicide they were told had been threatened. The

suicide occurred while the deputies waited outside. The plaintiff is the personal

representative of the person who committed suicide. The defendants are the

deputies in their individual capacities and the sheriff in his official capacity. The

plaintiff asserts claims under 42 U.S.C. § 1983 and under Florida law.

The defendants have moved for summary judgment. All defendants are clearly entitled to summary judgment on the federal claims. The deputies are clearly entitled to summary judgment on the state claims. Whether the sheriff is entitled to summary judgment on the state claims is less clear; no Florida decision is squarely controlling. This order grants summary judgment on the claims whose resolution is clear and remands the state-law claims against the sheriff to state court. This order provides only a brief explanation; a comprehensive explanation would serve no purpose and might interfere with, rather than assist, the state court on remand.

I

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

II

Jennifer Anderson called 911 at 1:57 p.m. on May 25, 2016. She was in Bonifay. She said her adult daughter was about to commit suicide at her home near

Chipley, a city about 10 miles from Bonifay. The 911 operator promptly

dispatched deputies to the address and told Ms. Anderson he had done so. Ms.

Anderson said she too was headed to the home.

A deputy arrived at the home at 2:04 p.m. Three more deputies arrived

separately over the next 10 minutes or so. The deputies knocked on the door but

got no response. They looked into windows. At least one officer heard a thump at

about 2:12 p.m., looked in through the unlocked front door, and saw a German

shepherd dog but no person. Believing the dog may have caused the thump and

that there was insufficient information to enter without a warrant, the officers did

not enter. They did, however, summon an ambulance so that it would be available

if needed.

Ms. Anderson arrived at 2:22 p.m. She entered the home immediately, with

the deputies right behind. They found Ms. Anderson's daughter, who had hung

herself. Ms. Anderson brought this action in her capacity as the personal

representative of her daughter's estate. She asserts the suicide occurred at 2:12

p.m., at the time of the thump.

### III

A law enforcement officer's failure to protect an individual from harm

ordinarily does not give rise to a claim under the United States Constitution and

§ 1983. *See, e.g.*, *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189

(1989). There are exceptions, but none apply here. This without more entitles all the defendants to summary judgment on the federal claim.

An alternative basis for summary judgment for the deputies on the federal claim is qualified immunity. Qualified immunity applies to damages claims against public officers and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 574 U.S. 13 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A public officer may be held individually liable only if the officer's conduct violated clearly established law. No clearly established law indicated at the time—or indicates now—that officers have a duty to enter a home without a warrant in circumstances like these.

An alternative basis for summary judgment for the sheriff on the federal claim is this: a sheriff, like a city, is liable under § 1983 for an employee's constitutional violation only if the violation was based on the sheriff's policy or custom or if the employee is one whose edicts or acts may fairly be said to represent official policy. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The deputies were not individuals whose edicts or acts could fairly be said to represent official policy. The sheriff had no policy for deputies not to prevent suicides or not to enter a home on facts like these. And the sheriff's

department had never faced a situation quite like this; it cannot be said there was a custom of not entering homes to prevent suicides.

In sum, the defendants are entitled to summary judgment on the federal claims. The issue is not close.

## IV

Under Florida law, the duty owed by law enforcement officers to keep the peace is ordinarily owed to the public at large and thus is not enforceable in an action by an individual. But the "undertaker doctrine"—applicable to one who voluntarily undertakes a duty—provides an exception. *See, e.g.*, *Wallace v. Dean*, 3 So. 3d 1035, 1040 (Fla. 2009); *Hartley v. Floyd*, 512 So. 2d 1022 (Fla. 1st DCA 1987). No Florida court has extended the doctrine as far as would be required for Ms. Anderson to recover. But neither has a Florida court rejected a claim on facts quite like these.

The undertaker doctrine, even if held applicable here, would support a claim only against the sheriff, not against the individual deputies. This is so because under Florida law, when a tort is committed by a public employee acting in that capacity, the public employer ordinarily is liable—the employee is not. *See* Fla. Stat. § 768.28(1) & (6). There is, however, an exception: the employee is liable— the public employer is not—if the employee acted "in bad faith or with malicious

purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." *Id.* § 768.28(9).

Here the officers had limited information of uncertain reliability. There were substantial Fourth Amendment concerns. They did some things right—responding promptly to the 911 call, knocking and looking in through the windows in an attempt to determine whether anyone was home, summoning an ambulance. Under all the circumstances, no reasonable jury could find that these deputies acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." The deputies are entitled to summary judgment on the state-law claim.

V

The only basis for addressing the state-law claims in federal court is supplemental jurisdiction. Even when federal claims remain pending, a federal court has discretion to decline to exercise supplemental jurisdiction over a state-law claim in limited circumstances, including when "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367. And when the federal claims that give rise to supplemental jurisdiction are dismissed prior to trial, the district court has discretion to dismiss even routine state-law claims. Thus, for example, the Supreme Court has said, using the older term "pendent" for what is now labeled "supplemental" jurisdiction, that "in the usual case in which all federal-law claims

are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (setting out factors that govern a district court's discretion); *Beck v. Prupis*, 162 F.3d 1090, 1099 (11th Cir. 1998); *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427-28 (11th Cir. 1984). In some circumstances remand may be required, even over both sides' objection. *See Hardy v. Birmingham Bd. of Educ.*, 954 F.2d 1546, 1552-53 (11th Cir. 1992).

The defendants removed this case from state court but asserted at oral argument that if summary judgment is granted in their favor on the federal claims, the state claims should be remanded to state court. This is not inconsistent; a party can reasonably prefer a federal forum for federal claims and a state forum for state claims. Ms. Anderson filed the case in state court but said at oral argument that the whole case should be decided in federal court, regardless of the summary-judgment ruling. This too is not inconsistent; a party can reasonably prefer a state forum at the outset but acquiesce in a federal forum when trial is imminent and remand will cause a delay. In any event, the parties' positions are not binding. *See, e.g.*, *id.* (vacating a district court decision on the merits and holding remand mandatory despite both sides' contrary position).

After considering all the relevant factors, *see, e.g.*, *Vibe Micro*, 878 F.3d at 1296; *L.A. Draper*, 735 F.2d at 428, I conclude that the easily resolved state-law claims against the individual defendants should be decided here, but that the closer issues presented by the state-law claims against the sheriff should be remanded for a decision in state court. I expressly determine that there is no just reason for delay and direct the clerk to enter judgment as set out below.

VI

For these reasons,

IT IS ORDERED:

1. The defendants' summary-judgment motion, ECF No. 51, is granted in part. The federal claims against all defendants and the state-law claims against the individual defendants are dismissed with prejudice. No ruling is made on the state-law claims against the defendant sheriff.

2. The clerk must enter judgment stating, "The claims addressed in this judgment under Federal Rule of Civil Procedure 54(b) were resolved on a summary-judgment motion. It is adjudged that the plaintiff Jennifer Anderson, as personal representative of the estate of Maggie Gourley, deceased, for the benefit of her survivors and estate, recover nothing on her claims against the individual defendants, including Daryl White, Landon Fries, Le-Alan Lykins, and Roger Elkins, and recover nothing on her federal claims against the defendant Sheriff of

Washington County, Florida. No judgment is entered on the state-law claims

against the Sheriff."

    3. The state-law claims against the Sheriff are remanded to the Circuit Court,

14th Judicial Circuit, Washington County, Florida.

    SO ORDERED on June 16, 2019.

s/Robert L. Hinkle
United States District Judge
